IN THE MATTER OF THE PETITION OF THE METROPOLITAN GAS LIGHT COMPANY OF THE CITY OF NEW YORK, TO VACATE AN ASSESSMENT.

*Assessments—effect of section 5 of chapter 574 of 1871 upon irregular assessments.*

Section 77 of chapter 137 of 1870, as amended by section 5 of chapter 574 of 1871, provides, among other things, that " The board of assessors of the city of New York are hereby authorized and directed to assess or re-assess upon the property intended to be benefited, in manner provided by law for making assessments for local improvements in said city, all expenses which have been already paid or incurred and shall hereafter be actually incurred by the mayor, aldermen and commonalty of the city of New York, for either regulating, or grading, or paving, or repaving, or sewering, or curbing, or guttering, or otherwise improving any of the streets, avenues or public places in said city of New York; and all the provisions of law in relation to advertising, entering and collecting assessments for local improvements in said city, shall apply to all such assessments or re-assessments. It shall be the duty of the commissioner of public works in said city to certify to the board of assessors the sum or sums expended as aforesaid, and such certificate shall be conclusive evidence of the amount of such expenditure."

*Held*, that the Legislature did not thereby intend, by the exercise of its taxing power, to authorize the imposition of assessments for the collection of unauthorized and illegal expenditures theretofore, or which might be thereafter incurred, but only to authorize assessments to be imposed for the collection of such expenses as had been or might be lawfully paid or incurred, and to make the certificate of the commissioner of public works final and conclusive as to the amount, but not as to the legality, of the expenditures. (DAVIS, P. J., dissenting.)

APPEAL from an order vacating an assessment for laying a sewer in Sixtieth street.

The application was made upon the grounds that there was included in the assessment the cost of work for which no contract had been made, and that a large amount of the work had been done without letting any contract therefor.

*W. C. Whitney*, corporation counsel, for the city of New York, appellant.

*P. A. Hargous*, for the petitioner, respondent.

BARRETT, J. :

A new point is made by the learned counsel to the corporation, to sustain this assessment.   He claims that the amount of expenditure for the sewer in question, whether originally incurred in violation of law or not, has, by direct legislative mandate, been duly assessed upon the property intended to be benefited.   What is supposed to be such mandate will be found in section 5 of chapter 574 of the Laws of 1871.   The provision is in these words : "The board of asssessors of the city of New York are hereby authorized and directed to assess or re-assess upon the property intended to be benefited, in manner provided by law for making assessments for local improvements in said city, all expenses which have been already paid or incurred, and shall hereafter be actually incurred by the mayor, alderman and commonalty of the city of New York, for either regulating or grading, or paving or re-paving or sewering, or curbing or guttering, or otherwise improving any of the streets, avenues or public places in said city of New York ; and all the provisions of law in relation to advertising, entering and collecting assessments for local improvements in said city shall apply to all such assessments or re-assessments.   It shall be the duty of the commissioner of public works in said city to certify to the board of assessors the sum or sums expended as aforesaid, and such certificate shall be conclusive evidence of the amount of such expenditure."

We do not look upon this statute as covering the ground contended for.   It is a general enactment with respect to public improvements.   The object was not specially to raise money by tax.   The real purpose seems to have been the extension of the existing powers of the board of assessors.   There certainly is nothing to warrant the construction that every unauthorized and illegal expenditure,—whether in the past, the present or the future—is to be assessed upon the property intended to be benefited.   We

have no doubt the Legislature meant to limit the imposition of the assessment to expenses lawfully paid or incurred, and to make the certificate of the commissioners of public works final and con-clusive as to the amount, but not as to the legality of the expendi-ture. It could never have intended, by this somewhat obscure amendment to a section treating mainly of the powers of the com-missioners of public works, practically to abrogate all existing checks upon unnecessary or extravagant expenditure. Otherwise, what would become of the provisions of the charter with respect to the doing of work by contract, and to the giving of contracts to the lowest bidder? If the construction claimed for this amend-ment be correct, the disregard of these provisions of the charter would be of no moment. To justify the assessment it should suffice that the work was actually done and the expense actually in-curred. Nor would there be any limit to the amount which might thus in defiance of the law be imposed upon one's property. The street, avenues or public places might be "otherwise improved" *ad infinitum*. We cannot think, therefore, that the case comes within the principle as to the taxing power of the Legislature. In all the cases to which we have been referred (*Guilford* v. *Supervisors of Chenango*, 3 Kern., 143 ; *Brewster* v. *Syracuse*, 19 N. Y., 116 ; *Howell* v. *Buffalo*, 37 Id., 267), there was a special direction with regard to some particular claim or matter. In the two latter cases the amount to be assessed was designated, while in the former the special subject-matter was referred to, and a means provided for ascertaining the amount to be assessed. If the Legis-lature shall ever specially direct a re-assessment for the expenditure now in question, either specifying the amount in the bill or provid-ing a means whereby it can be definitely fixed, the cases cited may be applicable. But they are inapplicable to the statute under con-sideration because, as we have seen, there is therein no special exercise of the sovereign power of taxation, and the general exercise of such power has reference to actual expenses, lawfully and properly incurred. As the case is otherwise within that of *In re Mahan* (20 Hun, 301), the order vacating the assess-ment must be affirmed.

BRADY, J., concurred.

DAVIS, P. J., dissenting:

I dissent from the conclusion of my learned brothers. In cases to which the statute referred to is applicable, I think it operates to prevent proceedings to vacate the assessment.

The remedy of the party aggrieved, in such a case, is by an appropriate proceeding to review and correct the action of the commissioner and assessors, and not by one which completely annuls their action.

The view adopted by the majority of the court renders the statute of little or no practical value. It enactment was useless if its effect can be wholly overthrown by a single suggestion of error such as is alleged in this case.

I am, therefore, constrained to dissent.

Order affirmed.